IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TANISH THOMAS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-104 |
| | § | |
| KROGER TEXAS, L.P. AND | § | |
| THE KROGER COMPANY, | | JURY DEMANDED |
| Defendants. | § | |

---

## DEFENDANTS' NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendants Kroger Texas, L.P. and The Kroger Company, in the cause styled "*Tanish Thomas v. Kroger Texas, L.P. and The Kroger Company,*" originally pending as Cause No. DC-21-17326 in the 160th Judicial District Court of Dallas County, Texas, file this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2018).

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Kroger Texas L.P., at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio.  The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio.  Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

The Kroger Co., at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of Ohio with its principal place of business in Ohio.  The Kroger Co. has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about August 5, 2021, while shopping in a Dallas County Kroger store, she slipped on a wet floor and fell. Plaintiff filed suit on December 2, 2021, in the 160th Judicial District Court of Dallas County, Texas, alleging premises liability and negligence-based causes of action against Defendants.

**IV.**
**THE AMOUNT IN CONTROVERSY**

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.00.[2]  Specifically, Plaintiff seeks damages for past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, past and future medical expenses, past and future lost wages, and exemplary damages.[3]  Plaintiff has alleged damages between $250,000 and $1,000,000.[4] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[5]

**V.**
**REMOVAL IS TIMELY**

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[6]  Defendants first became aware this case was removable on or about December 16, 2021, when Defendants were served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendants of the document that first demonstrated the case was removable.  Moreover, more than one year has not passed since the commencement of the action in state court on December 2, 2021.[7]

---

[2]    *See* Plaintiff's Original Petition attached hereto as Exhibit 2.

[3]    *Id.*

[4]    *Id.* at ¶ 7.

[5]    *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[6]    28 U.S.C. § 1446(b).

[7]    *See id*.

**VI.**
**VENUE**

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

**VII.**
**PROCEDURAL REQUIREMENTS**

Defendants filed with the Clerk of the 160th Judicial District Court of Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1)    State court docket sheet (as of January 17, 2022);

(2)    Plaintiff's Original Petition (filed December 2, 2021) with Service of Citation; and

(3)    Defendant Kroger Texas, L.P.'s Original Answer (filed January 7, 2022).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet

- Supplemental Civil Cover Sheet

- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

- 4 -

Respectfully submitted,

*/s/* B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**Delaney Blakey**
State Bar No. 24120457
dblakey@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on January 17, 2022.

/s/ B. Kyle Briscoe
**B. Kyle Briscoe**